UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMERCE INSURANCE COMPANY, as subrogee of<br>Robert T. Szacik<br>211 Main Street<br>Webster, MA 01570,<br><br>  Plaintiff,<br><br>v.<br><br>ELECTROLUX NORTH AMERICA, INC.<br>10200 David Taylor Drive<br>Charlotte, NC 28262<br><br>  Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Commerce Insurance Company, by and through its counsel, Patrick J. Loftus, III, upon information and belief, hereby asserts, as follows:

### THE PARTIES

1. Plaintiff, Commerce Insurance Company ("Commerce"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located in Webster, Massachusetts. At all relevant times, Commerce was duly authorized to issue policies of insurance and conduct business within the Commonwealth.

2. Defendant, Electrolux North America, Inc. (hereinafter "Electrolux"), is corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina, and all times material hereto has engaged in the business of designing, manufacturing, selling and distributing home appliances, including but not limited to, Frigidaire dishwashers for residential use.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a), as the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00), and there is diversity of citizenship between Plaintiff and Defendant.

4. Venue in this action is proper in this District Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this district.

## FACTUAL BACKGROUND

5. At all times material hereto, Robert T. Szacik owned the home located at 24 Poland Street, Webster, Massachusetts (the "Subject Premises").

6. At all times material hereto, plaintiff, Commerce Insurance Company insured the Subject Premises and Mr. Szacik's personal property located therein.

7. On or about October 17, 2018, a fire occurred in the home, resulting in substantial damage.

8. The fire originated in the interior basin of an Electrolux dishwasher that was manufactured, branded, distributed and/or sold by defendant, Electrolux under the brand name Frigidaire.

9. The internal heating coil used to dry dishes, located in the interior basin of the appliance, experienced a catastrophic failure, resulting in the ignition of combustible materials within the basin.

10. The fire caused severe and extensive destruction to the Subject Premises and Mr. Szacik's personal property located therein, as well as extra expenses.

11. As a result of the fire, Mr. Szacik made a claim to Commerce and, pursuant to the terms and conditions of its policy of insurance, plaintiff Commerce has paid the fair and reasonable value and costs of the resulting damages as covered under the applicable policy in an amount in excess of $440,596.12.

12. To the extent of its payments, Commerce is subrogated to the rights of Mr. Szacik to the full extent of its payments.

## **COUNT I – NEGLIGENCE**

13. Plaintiff incorporates by reference the preceding allegations as though the same were set forth at length herein.

14. The fire and resulting damages sustained by Mr. Szacik were directly and proximately caused by the negligence, carelessness, negligent omissions and/or gross negligence of defendant Electrolux, acting by and through its employees, agents and servants, acting within the course and scope of their employment as follows:

   a. failing to properly and safely design and/or manufacturer its dishwasher products;

   b. failing to design a heating coil that would fail in a safe manner, not resulting in catastrophic failure in the immediate presence of combustibles;

   c. manufacturing the dishwasher with combustible materials that were subject to ignition when coming in close proximity or contact with the internal heating coil;

   d. failing to provide adequate warnings and instructions for its dishwasher products;

   e. failing to take the proper and necessary precautions to prevent a fire from originating in its dishwasher products;

   f. failing to provide a safe product;

   g. failing to recall the product when it became aware of the defect;

   h. failing to properly test and/or inspect its products; and/or

      i.      otherwise causing or allowing the fire to occur.

WHEREFORE, Plaintiff, Commerce demands judgment against the defendant Electrolux in an amount in excess of $440,596.12, together with interests, the cost of this action and such other and further relief as this Court deems just and proper under the circumstances.

## **COUNT II – BREACH OF IMPLIED WARRANTY – IN TORT**

15.    Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

16.    Defendant, Electrolux, failed to provide a product which was fit and adequate for its foreseeable and intended use and free from defects in its design, manufacture, distribution, warranties and/or instructions, thereby rendering defendant, Electrolux, liable in tort.

17.    By reason of the aforesaid breaches of warranty, Mr. Szacik sustained severe and extensive damages.

WHEREFORE, Plaintiff, Commerce demands judgment against the defendant Electrolux in an amount in excess of $440,596.12, together with interests, the cost of this action and such other and further relief as this Court deems just and proper under the circumstances.

| | |
|---|---|
| Of Counsel:<br>Mark E. Utke, Esquire<br>Cozen O'Connor<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>(215) 665-2164<br>mutke@cozen.com | Plaintiff Commerce Insurance Company,<br>as subrogee of Richard T. Szacik<br>BY ITS ATTORNEYS<br><br>___/s/ Patrick J. Loftus III_____<br>PATRICK J. LOFTUS, III (BBO # 303310)<br>KATHERINE C. LOFTUS (BBO#692288)<br>Loftus & Loftus, PC<br>The office at Broadway<br>732 East Broadway<br>Boston, MA 02127<br>(617) 268-7777 |